# N. Y. COMMON PLEAS.

## E. STANLEY HALL, assignee in bankruptcy, agt. WATERBURY, SMITH & Co. and JOSEPH PHILLIPS.

*Attachment — Liability of party for acts and omissions of public officer.*

Where an attachment is regularly issued in an action to a public officer authorized by law to execute the same, and the attachment is subsequently dissolved by reason of the adjudication in bankruptcy of the debtor as a bankrupt, and the officer fails, upon demand made by the assignee in bankruptcy, to return all the property attached, the party, at whose instance the attachment was issued, is not liable for such non-delivery.

The officer becomes the agent of the party suing out process only where the process is irregular, unauthorized and void.

Where the process is regular the party is not liable for the wrongful or negligent acts of a public officer, unless express authority or ratification can be shown.

*Trial Term, February,* 1879.

MOTION for new trial by defendants, Waterbury, Smith & Co.

In April 1875, Waterbury, Smith & Co., obtained an attachment in the marine court against the property of Henry L. Hewlett, a resident of New Jersey, but then engaged in business in New York city. In May, 1875, Hewlett filed a voluntary petition in bankruptcy, and Mr. Hall, the plaintiff, was elected assignee of his estate. The assignee demanded a return of the property taken under the attachment on the ground that the bankruptcy proceedings dissolved the attachment, and the attaching creditors offering no objection, the city marshal, to whom the process of attachment had been issued, was instructed to return the property to the assignee, which he claimed to have done.

The assignee, however, maintained that about $1,100 worth of property was missing and sued Waterbury, Smith & Co.,

and Phillips, the city marshal, for the same. At the trial a verdict was rendered against all the defendants, and the defendants, Waterbury, Smith & Co., now move for a new trial.

*Jacobs Brothers*, for motion.

*C. J. G. Hall*, opposed.

J. F. DALY, *J.*— Motion for new trial by defendants Waterbury, Smith & Co.

A verdict was rendered against that firm and Phillips, a city marshal, for $200 damages, for failing to deliver to plaintiff goods which had been seized under an attachment, the attachment having been dissolved by the operation of the bankruptcy laws of the United States (*Sec.* 14, *bankruptcy act*).

The question of the liability of Waterbury, Smith & Co., for the non-delivery of the attached goods, was reserved for this motion. They were the plaintiffs in the action in the marine court in which the attachment was issued.

The attachment was regular and was properly issued. It was dissolved by the operation of the bankrupt law and not for any defect, insufficiency or irregularity. It was not void.

The plaintiffs did not receive any part of the property seized, all of which remained in the custody of the marshal until he gave to plaintiff, as assignee in bankruptcy, an order upon his storekeeper for its delivery.

The plaintiff took what was so delivered but complained that some portion of what had been seized was missing. He contends that the plaintiffs in the attachment are responsible for the missing portion on the ground that the marshal was their agent.

The officer becomes the agent of the party suing out process only where the process is irregular, unauthorized and void (*Kerr* agt. *Mount*, 28 *N. Y.*, 659). But the officer is in no sense the agent of the party where the process is authorized

and regular (*Raney* agt. *Weed*, 3 *Sandf. R.*, 577). In such case the party is not liable for the wrongful or negligent acts of the officer unless express authority or ratification can be shown.

The authority from the party to the officer, which the law implies, is " only coextensive with that conferred by the warrant and to do only lawful acts pursuant to the process." (*Welsh* agt. *Cochran*, 63 *N. Y.*, 184).

In the warrant issued by the defendants, Waterbury, Smith & Co., to the defendant Phillips, the marshal, the latter was directed to " attach, and safely keep," the property of Hewlett, the defendant, in the process. So far as taking the property was concerned the marshal acted under his warrant, as directed, but he was to do more, " to safely keep " the property attached, and only by keeping safely, as wall as taking, would the marshal perform his duty and fulfill his instruction.

If the marshal suffered any part of the property to be lost or if he converted any of it to his own use, he did not obey but disobeyed the warrant and did the opposite of that which he was commanded.

For the breach of his instructions and duty the plaintiffs, in a valid process, cannot be made answerable.

The dissolution of the attachment by operation of the bankrupt law did not have the effect of making the attaching creditors *trespassers ab initio* (as in cases where the attachment is vacated for irregularity) and they are not to be held liable in such a case as this because of their original direction to the marshal to attach the property.

They gave no direction to the marshal afterwards and had no control of the goods which were in custody of the officer of the law. He and his bondsmen are alone liable for his official misconduct in converting a portion of the goods he was directed to keep.

The case of *Wilson* agt. *Brinkman* (2 *Nat. Bktcy. Register*), cited by plaintiff's counsel, is not in point. No question, such as arises here, was before the court. The decision is

merely that upon the dissolution of the attachment the sheriff and the plaintiffs are liable in an action for the value of the goods taken where delivery thereof to the assignee in bankruptcy is refused. There was no refusal in this case. So far as was possible they yielded to the claim of the assignee and the only goods not delivered were such as the marshal had lost or appropriated in violation of his duty and contrary to their direction in the process.

These observations apply equally to any claim that defendants, Waterbury, Smith & Co., are liable under the first attachment issued by them which was vacated by the special term of the marine court but afterwards reinstated by the order of the general term of that court reversing this special term order. For the reasons stated on the trial, I held the attachment to be valid and regular.

A new trial should be granted defendants Waterbury, Smith & Co.

Costs to abide event.