## FERGUSON v. HETHERINGTON.

SALE OF PERSONAL PROPERTY: *Title reserved in vendor until payment: Replevin.*

Where, upon a parol sale of a horse, there is an agreement that the title shall remain in the vendor until the property is paid for, no title vests in the vendee until payment; and upon his failure to pay at maturity the vendor may maintain replevin for the property. But if the contract of sale be in writing, absolute on its face, such parol reservation of title will be void. Where, however, A advances money to purchase a horse for B, upon such reservation of title in himself, and the vendor makes a bill of sale and delivery of the horse directly to B, the title vests immediately in B, and none is retained by A, for he never had any.

APPEAL from *Mississippi* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Lyles et al.* for appellants:

Argued on the evidence, and the verdict is such a depart-
ure from the law and evidence as to shock a person's sense
of justice. (*30 Ark., 403; 33 ib., 757.*) The title was to
remain in appellants until paid by fifteen bales of cotton
to be shipped, and to be applied *particularly to that purpose,*
which was not done.

ENGLISH, C. J. In January, 1881, Ferguson and Hamp-
son brought replevin against Rebecca Hetherington,
before a justice of the peace of Mississippi County, for
two mules.

Defendant gave a cross-bond, and filed an answer in
which she denied title in the plaintiffs, and alleged that the
mules belonged to the estate of her deceased husband,
Andrew Hetherington, of which she was administratrix.

She filed, as part of her answer, a bill of sale for the
mules, executed to Andrew Hetherington, at Memphis,
Tennessee, by J. F. Gilmore, on the fourteenth of April,
1880.

There was a jury trial, and verdict and judgment in her
favor before the justice of the peace. Plaintiffs appealed to
the Circuit Court, where there was a trial *de novo* with like
result. Plaintiffs filed a motion for a new trial on the
ground that the verdict was contrary to law and evidence,
which the court overruled, and they took a bill of excep-
tions setting out 'the evidence. No instructions appear to
have been given by the court to the jury, or if any were
given, they were not set out in the bill of exceptions.

It appears from the evidence that, at the time the suit
was commenced, appellee was in possession of the mules
as administratrix of her deceased husband, and had adver-
tised them for sale as part of the assets of his estate.

It also appears that her husband was in possession of

the mules from the date of the bill of sale, made part of her answer, until his death.

It was in evidence that appellants were merchants in Memphis, and that Andrew Hetherington, a planter of Mississippi County, Arkansas, who had a running account with them, applied to them on the fourteenth of April, 1880, to purchase two mules for him.

The book-keeper of appellants testified that they agreed to purchase the mules for Hetherington on his promise to ship them fifteen bales of cotton by the fifteenth of May then following, to pay for the mules, and that the title to the mules was to remain in appellants until they were paid for, and that Hetherington had failed to comply with his promise to ship the fifteen bales of cotton after they purchased the mules for him.

If appellants had been the owners of the mules, and made a contract with him to sell and deliver them to him on condition that the title should not pass, that is, that it should remain in the vendors until the vendee paid for the mules, this would have been a valid agreement between the parties, and the title to the mules would not have vested in the vendee until he paid for them; in other words, it would have been a conditional sale. *Carroll v. Wiggins, 30 Ark., 402.*

But such is not the case made by the whole of the evidence. It appears that the title to the mules never was in appellants. That they were for sale in a livery stable in Memphis; that appellants advanced $255 to pay for them, and charged it to Hetherington, and that the owner of the mules made a bill of sale directly to him, conveying to him the title to the mules absolutely, and without reservation, and delivered them into his possession.

Had appellants purchased the mules, taken the title to themselves, and made an absolute bill of sale to Hether-

ington, they could not have set up a parol agreement that the title was to remain in them until the mules were paid for.

Where an absolute title is conveyed by a written instrument, and possession of chattels surrendered to the purchaser, the vendor is not permitted to show by parol that he reserved the title or a lien, until the goods were paid for.

The vendor says by the bill of sale, when delivered to the purchaser, "I transfer the title." The law will not permit him to say that there was a parol agreement by which the bill of sale delivered to the purchaser, was not to pass the title until the purchase-money was paid, in the absence of fraud in obtaining the bill of sale. *Morgan v. Smith et al., 29 Ala., 286; Barnett et al. v. Mason et al., 7 Ark., 253.*

Appellee produced at the trial an account rendered to her husband by appellants, in which he is credited with the proceeds of thirty-three bales of cotton after the date of the purchase of the mules, but these bales may have been shipped before that date. Be this as it may, appellants failed to prove at the trial that the title to the mules in controversy was in them, and were therefore not entitled to a verdict. If the money advanced by them to pay for the mules was not in fact refunded to them by Hetherington, they had the right to probate a claim for it against his estate.

Affirmed.