## KIRBY & CO. v. TOMPKINS.

1. REPLEVIN: *Pleading. Judgment of return to defendant.*
    When the answer of a defendant in replevin admits the plaintiff's
    right to recover, and does not claim a return of the property re-
    plevied, it is error to render judgment of return to him, though the
    jury find that he is entitled to the possession of the property.

18—48

2. SAME: *Conditional sale.*

When, in the sale of a chattel, the title is reserved to the vendor until
payment of the purchase price, he may, upon the refusal of the pur-
chaser to pay, and to deliver the property to the vendor as agreed,
maintain replevin for it without returning the notes executed by the
purchaser for the property, unless a return of them upon the failure
of the sale is provided for in the contract.

APPEAL from *Nevada* Circuit Court.
Hon. L. A. BYRNE, Judge.

*Atkinson & Tompkins*, for appellants.

Appellant's title and right to possession of the machine
was not specifically controverted, and were not in issue,
and must, for the purpose of this action, be taken as true.
*Mansf. Dig.*, sec. *5072.*

The only answer interposed in the case was *non detinet.*
The appellee does not claim a return of the machine.
He does not deny the appellant's title, nor his right to pos-
session. Nor does he assert title in himself. These mat-
ters, if relied on, should·be specially pleaded. *Stephens on
Pleading, p. 159; Tyner v. Hays, 37 Ark.; 599.*

No return of the property could be awarded appellee, as
none was asked. *Mansf. Dig.*, sec. *5181; Brown v. Stan-
ford, 22 Ark., 76,* and cases cited; *Neiss v. Gillian, 27 Ark.,
184.*

Upon the question.of plaintiff's right to recover under
the contract, as expressed in the notes, should the court
deem the same in issue, we desire to refer to the recent
decision of this court in *McIntosh v. Hill, MS.* opinion,
and the authorities there cited.

The action of the circuit court in refusing appellant's
first instruction, and in amending the same, as well as in
giving the instruction asked by appellee, was certainly

based upon the theory that the appellant was seeking to rescind the contract, which theory was false. Appellant was not seeking to rescind, but to *enforce* the contract. *Benj. on Sales, 4th Am. Ed., secs. 428 to 436 inclusive;* and authorities there cited.

Then, if this was an enforcemeat of the contract, it was certainly error in the court below to refuse the appellant's first instruction, as asked; and his third instruction; also, to give appellee's first instruction.

*Montgomery & Hamby,* for appellee.

1. The contract entered into between the parties, as set out in the notes, was a conditional sale. *Benj. on Sales, 4th Ed., sec. 320, and note D; Haak v. Lendman, 3 Am. Rep., 612; Stadfield v. Huntman, 37 Am. Rep., 661.*

2. Appellants attempt to rescind the contract. They have no right of action for the recovery of the property unless they had first returned, or offered to return, the notes of appellee held by them. *Bishop on Contracts, secs. 203, 679; Johnson v. Walker, 25 Ark., 197.*

3. It is too late, after trial and judgment, to object to appellee's answer. *Lynn v. Hays, 37 Ark., 599.*

4. The answer puts in issue the plaintiff's title, as well as the wrongful detention. *Neiss v. Gillian, 27 Ark., 184.*

SMITH, J. S. B. Kirby & Co. brought replevin against Tompkins for a sewing machine. The answer denied that the defendant unlawfully detained possession, or that the plaintiff had sustained any damage by the detention. On a trial before a jury the following facts were proved: On the 15th of March, 1884, the plaintiff had made a conditional sale of the maehine to the defendant at the price of $43, of which $10 were paid, and notes payable at one and

two months were taken for the residue. The notes were produced, in which the agreement for sale was thus expressed : "The Wilson sewing machine, style 3, plate No. 202,789, for the use of which, to the maturity hereof, this note is given, is and shall remain the property and under the control of S. B. Kirby & Co., or assigns; and for default of payment, or if the said S. B. Kirby & Co. deem the machine in unsafety by removal or otherwise, it shall on demand be returned to S. B. Kirby & Co., or assigns, in good order, and with *pro rata* pay for its use, which shall be three dollars per month. It is understood and adjudged that S. B. Kirby & Co. own this machine absolutely, and the title remains in them until the machine is paid for in full."

Shortly after maturity of the notes an agent of the plaintiffs demanded payment of the defendant, or the surrender of the machine. The defendant refused payment, and refused also to give up the machine, unless his notes were surrendered at the same time. The agent replied that he had no instructions upon this point. The court in effect told the jury that the plaintiffs could not maintain their action without first surrendering or offering to surrender the notes. The verdict was for the defendant, and that he was entitled to the possession of the machine, the value of which was found to be $32.50, and judgment was entered for the return of the machine or its value.

The judgment is bad because it awards to the defendant the restitution of a chattel of which he had not claimed the return. The right of the plaintiff to recover was admitted by the answer, the only effect of which, if true, was to protect the defendant against damages and costs. *Mansf. Dig., sec. 5181; Brown v. Standford, 22 Ark., 76; Neiss v. Gillian, 27 ib., 184; Wells on Replevin, secs. 485, 487, 491, 713.*

Passing to the evidence, the uncontradicted facts are that the plaintiffs were the owners and entitled to the possession of the machine; and nothing in the agreement between the parties required the plaintiffs to give up the notes before they could resume possession of the property. *Fleck v. Warner, 25 Kansas, 492.*

Reversed and a new trial ordered.