BERGER *v.* MILLER.

Opinion delivered April 13, 1908.

SALE OF CHATTELS—RESERVATION OF TITLE.—Where a chattel is sold upon
condition that the title shall remain in the vendor until the purchase
price is paid, and that, in case of default in payment, the vendor
shall have a right to immediate possession of the property, the
vendor, upon such default, was entitled to possession, even against
one who had bought it from the vendee.

Appeal from Craighead Circuit Court; *Frank Smith,*
Judge; reversed.

### STATEMENT BY THE COURT.

The appellee brought replevin against appellant, Satter-
wait, in justice's court, for the possession of a certain stove,
with the usual allegations. Judgment was rendered in favor
of the appellee, and appellant appealed to the circuit court.
In the circuit court appellant Berger asked to be made a party
defendant, setting up that he, through his agent, had sold the
stove in controversy to appellant Satterwait, and had war-
ranted the title, and that he had been notified by appellant
Satterwait to defend. The petition was granted. Trial in
the circuit court resulted in a verdict and judgment for ap-
pellee in the sum of twenty dollars. This appeal followed.
The appellee contended, and introduced testimony which tended
to prove, that she purchased the stove from the appellant Berger
in connection with other furniture bought by her at the same
time; that she was to pay in monthly installments of $25 until
she had paid the amount of the purchase price, $125; that she
had paid at the time the stove was taken from her the sum of
$70; that the deputy constable came to her house and served
a writ of replevin on one Mangrum, and took from her posses-
sion and over her protest, among other things, the stove in con-
troversy; that on the day the case of appellant Berger against
Mangrum was set for trial she appeared, but found that the case
had been dismissed, and that her stove had been sold by the
deputy constable to appellant Satterwait. She then brought this
suit against appellant Satterwait to recover her property. Ap-
pellant Berger contended and introduced evidence which tended

to show that he sold the stove in controversy to one Mangrum under a written contract which provided for the payment of the purchase price of the furniture $125 in installments of $25 per month, and specified that the furniture purchased, including the stove, should "remain the property of Alex Berger until the purchase money is paid in full, and for default of any one of the payments the property shall, on demand, be returned to the said Alex Berger, his agents or assigns, in good order with *pro rata* pay for its use." Appellant Berger contended that Mangrum had defaulted in several payments, and that he brought replevin against him for the stove in controversy and delivered the writ to one Young, the deputy constable, with instructions not to serve if the "stuff was surrendered on demand."

There was evidence tending to prove that the stove was surrendered on demand. The sum of $70 had been paid on the purchase price of the articles, and the balance was due and unpaid. There was evidence on behalf of appellant tending to prove that the possession of the stove was voluntarily surrendered by appellee upon demand by the agent of appellant. The evidence on behalf of the appellee tended to prove that the possession of the stove was not voluntarily surrendered by appellee, but that she, on the contrary, objected to the taking of the property, and that the stove was taken by the deputy constable over her protest, under the pretense of authority conferred by the writ of replevin against Mangrum. The appellants asked the court to instruct the jury as follows:

No. 2 asked by the defendants: "If you find that Alex Berger parted with the possession of the cook stove involved in this suit on condition that the title remain with him until the full purchase price was paid, then you will find for the defendants."

No. 4 asked by defendants: "If the title to the cooking stove was retained by Alex Berger until the purchase price was fully paid, then the plaintiff was not entitled to the immediate possession of the stove when this suit was commenced, and cannot recover."

All these being refused, exceptions were saved, and carried into the motion for new trial. Defendants have appealed.

*Chas. D. Frierson,* for appellants.

1. The preponderance of the evidence shows that appellant sold the goods upon a *written* contract containing the provision that the goods should remain the property of appellant until the note was fully paid, and also that he might on default in payment, or in the event of removal, or when he deemed himself unsafe, retake the property. Such contract need not have been in writing. It is valid, title remaining in the vendor till payment; and on default he is entitled to immediate possession of the property. 1 Mechem, Sales, § § 561, 563-4, 613, 618, 626-628; 5 Fed. 419; 6 Am. & Eng. Enc. of L. (2 Ed.), 467, 479, 481; *Id.* 450, 453, 458, 438; 118 U. S. 663; 48 Ark 164; *Id.* 474; 49 Ark. 63; 68 Ark. 230; 66 Ark. 240; 55 Ark. 642; 57 Ark. 270; 63 Ark. 268; 64 Ark. 29; 75 Ark. 548; 39 Ark. 438; 60 Ark. 133.

2. Appellee's rights were derived from Berger, and were subject to his rights. Her right to possession of the goods ceased upon default, and she could not maintain replevin. 1 Mechem, Sales, § 630; 66 N. W. 370; 53 N. W. 159; 101 N. W. 1050; 95 N. W. 808; 55 N. W. 892; 28 Am. & Eng. Enc. of L. (2 Ed.), 656 *et seq.; Id.* 665; 55 S. W. 983; 5 L. R. A. (N. S.), 475; 24 Am. & Eng. Enc. of L. (2 Ed.), 485; 67 N. C. 333; 55 Vt. 308; 4 Cush. 198.

3. The court erred in refusing instructions 2 and 4 requested by appellant. Erred also in refusing the 5th instruction. 25 Am. & Eng. Enc. of L. (2 Ed.), 517-18; Cobbey on Replevin, § § 970-1.

*Lamb & Caraway,* for appellee.

1. The evidence is that appellee made her own contract with appellant full and complete, that there was no retention of title therein, that he did not advise her that there was anything more to be done except to make the payments, and that she knew nothing of Mangrum's signing his name to any instrument having any connection with this transaction. There was, therefore, a complete sale and delivery to appellee, and, upon default, appellant had no higher right than to sue for the debt and attach the property pending suit. 52 Ark. 450.

2. At the time Young took the property from appellee, and

at the time this suit was instituted, appellee was entitled to immediate possession of it. Kirby's Digest, § 6869; 56 Ark. 611.

WOOD, J., (after stating the facts.) The court erred in refusing to grant appellant's prayers numbered two and four. The evidence on behalf of appellant Berger tended to show that the sale of the stove in controversy was made upon condition that the title should remain in him until the purchase price was paid, and that, in case of default in the payment of any of the installments when due, he should have the right to the immediate possession of the property. Under such a contract the vendor would have the right to the immediate possession of the property. *Ferguson v. Hetherington,* 39 Ark. 438; *Kirby v. Tompkins,* 48 Ark. 273; *McRae v. Merrifield,* 48 Ark. 160-164; *Simpson v. Shackleford,* 49 Ark. 63; *Ames Iron Works v. Richardson,* 55 Ark. 642; *Faisst v. Waldo,* 57 Ark. 270; *Edgewood Distilling Co. v. Shannon,* 60 Ark. 133; *Public Parks Amusement Co. v. Embree-McLean Carriage Co.,* 64 Ark. 29. See also, *Little Rock Vehicle & Implement Co. v. Robinson,* 75 Ark. 548.

The theory presented by these instructions was not covered by any of the instructions given. The appellant Berger was entitled, under the evidence adduced by him, to have this specific contention submitted to the jury, and for the error of the court in refusing it the judgment is reversed, and the cause is remanded for new trial.

HILL, C. J., did not participate.