## MENDELSON et al. v. IRVING et al.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

1. SALES (§ 479*)—CONDITIONAL SALES—TITLE OF SELLER.

A seller, in a contract stipulating that title shall remain in him until payment of the price, and that in case of default he shall have the right to take possession, is not deprived of such right, on default in the payment of a note for a part of the price, merely because he attempted to exercise the right by void process of replevin, for the officer taking possession under the void writ must be deemed to have done so as the agent of the seller, and the buyer may not complain.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1438; Dec. Dig. § 479.*]

2. APPEAL AND ERROR (§ 1169*)—DISPOSITION OF CASE ON APPEAL.

Where the complaint should have been dismissed at the close of plaintiff's case, or a verdict directed for defendant at the close of the whole case, but no motion therefor was made at the close of the whole case, a judgment for plaintiff and an order denying a new trial must be reversed, and a new trial ordered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4531–4539; Dec. Dig. § 1169.*]

Appeal from Trial Term, New York County.

Action by Louis Mendelson and another against James D. Irving and others. From a judgment for plaintiffs, and from an order denying a new trial, certain defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles A. Wilson, of New York City, for appellants Irving and Grosse.

Francis E. Neagle, of New York City, for appellant A. H. Andrews Co.

Harry M. Marks, of New York City, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J. On the 23d of March, 1910, the A. H. Andrews Company, a foreign corporation having a branch office in the city of New York, entered into a written contract with the plaintiffs for the sale and delivery to them of 298 chairs, to be thereafter installed in the plaintiffs' moving picture establishment in New York City. The contract provided that the purchase price should be $447, of which $50 was to be paid at the time the order for the chairs was sent in, and the balance when they were installed; that title to the chairs should remain in the Andrews Company until "full payment in cash" was made; that, if promissory notes were given on account of the purchase price, they were not to be considered as payment, but merely as evidence of the indebtedness; and if default were made in the payment of any part of the purchase price, "whether evidenced by promissory notes or otherwise," the Andrews Company had the right to retake the chairs, with or without force, and with or without legal process, and retain the portion of the purchase price then paid.

The chairs were delivered and installed in June, 1910. Plaintiffs did not pay for them, nor had they, up to the 2d of August, paid anything towards the purchase price, except $100. On that day they paid an additional $100, and gave two promissory notes for the balance. Each note was for $123.50, and bore interest at the rate of 8 per cent.—one being payable on September 1st and the other on October 1st following. The notes were not paid when they became due, nor any part of them, and on the 13th of October 1910, the Andrews Company commenced an action against these plaintiffs in the Municipal Court of the City of New York to recover the purchase price, and on the same day obtained a writ of replevin, by which the marshal, acting under the direction of the defendant Grosse, took possession of the chairs and delivered them to the defendant Bowman, with whom they were stored in the name of the Andrews Company. Two days later the plaintiffs requested the return of the chairs, and offered a surety company's bond to secure the payment of the amount remaining due. The request was refused, and thereupon the plaintiffs obtained an order of the Municipal Court vacating the writ of replevin and directing any person who held possession of the chairs to return them to the plaintiffs. On the same day one of the plaintiffs, together with the marshal who had executed the writ, demanded the chairs from Bowman; but he, at the instigation of the defendants Irving and Grosse, who were representing the Andrews Company, refused to deliver them. A second demand for the possession was subsequently made, and, on its being refused, the plaintiffs caused Bowman, Irving, and Grosse to be adjudicated in contempt of court. The chairs were then returned to the plaintiffs, who set them up in their establishment, and they are still there. They have never been paid for, and nothing has since been paid upon the notes.

At the trial it was conceded that the writ of replevin was void, the court not having jurisdiction to issue it; but the defendants contended they had the right to take possession of the chairs by

virtue of the terms of the contract of sale. The court submitted to the jury the question whether the delivery and acceptance of the notes had not effected a payment of the amount due under the contract, thus abrogating the vendor's right to retake possession upon a default in payment. The jury found in favor of the plaintiffs, and awarded, as against the defendants Grosse, Irving, and the Andrews Company, $500 compensatory damages and $1,700 punitive damages, making $2,200 in all. The action was discontinued against Bowman, the warehouseman. Judgment was entered accordingly, from which the Andrews Company, Irving, and Grosse appeal.

[1] A bare statement of the facts would seem to be sufficient to indicate that the judgment appealed from is erroneous. The Andrews Company has never been paid for its chairs. The title was in it. The contract gave it the right to take them in case the purchase price were not paid, with or without force, and with or without legal process. It did what the contract gave it the right to do, and yet finds itself with a judgment against it for $2,200 because it did so. It was erroneous to submit to the jury the question whether the notes had been taken in payment, and by reason thereof the vendor's rights under the contract abrogated, because it was expressly provided in the contract, if notes were given, they should not be considered as payment, but merely evidence of the indebtedness. The contract could not be destroyed in this way, and the plaintiffs now concede that fact, but contend that the Andrews Company did not assume to take possession of the chairs by virtue of the contract, but by virtue of a writ of replevin, which was void. If the writ, as the parties concede, were void, by reason of want of jurisdiction of the court to issue it, then the marshal, when he took possession of the chairs, did so as the agent of the Andrews Company. Day v. Bach, 87 N. Y. 56; Kerr v. Mount, 28 N. Y. 659; Hall v. Waterbury, 5 Abb. N. C. 374. The Andrews Company had the right to the possession of the chairs and it is of no importance how it obtained possession. The evidence offered on the part of the plaintiffs themselves established that they had never paid for the chairs, and by reason of that fact the Andrews Company had a right to take them when it did. The contract expressly provided:

"In case default shall be made in the payment of the purchase price (whether evidenced by promissory notes or otherwise) aforesaid, or of any part thereof or interest thereon, on the day or days respectively on which payments shall become due and payable, * * * the party of the first part, its administrators or assigns, shall thereupon have the right to take immediate possession of said property, with or without force or process of law."

If one has the right to take possession of personal property without legal process, it is difficult to imagine upon what theory he could be deprived of that right, if he attempted to exercise it, by legal process which subsequently turned out to be void. In either case plaintiffs' position would be precisely the same.

[2] Giving to the plaintiffs' evidence the most favorable consideration possible, the complaint should have been dismissed at the

close of plaintiffs' case, or a verdict directed in favor of the defendants at the close of the whole case; but, as no such motion was made at the close of the whole case, the judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.