W. Fred Kisner *v.* Commercial Credit Company

(No. 7798)

Submitted April 10, 1934. Decided April 17, 1934.

*Deveney & Furbee* and *Harrison Conaway,* for plaintiff in error.

Litz, Judge:

This is an action for conversion of personal property. Defendant, Commercial Credit Company, complains of a judgment against it, on the verdict of a jury in favor of plaintiff, W. Fred Kisner, for $300.00.

August 12, 1931, Cather Robinson Motor Company of Fairmont, West Virginia, delivered an automobile to Kisner under a conditional sales contract. He agreed to pay the deferred purchase price of $704.00, evidenced by note, in sixteen equal monthly installments. The contract provided that upon his default in the payment of any installment, the remaining purchase price would become due and payable, and

the holder of the note would be entitled to re-take the property without legal process or notice and retain or sell it in accordance with the conditional sales act. Immediately upon the sale by the motor company to plaintiff, it assigned the contract to the Commercial Credit Company. The plaintiff having failed to pay the installments regularly, the credit company, on May 20, 1932, because of default in the payment of the installment due May 12th, instituted an action of detinue before a justice of the peace to recover the car. It was immediately taken into possession by the officer serving the process and delivered to the company. Judgment was rendered by the justice in favor of the credit company and Kisner appealed. The jury having found, upon trial of the appeal, that the company was entitled to the possession of the automobile and that its value was $450.00, the circuit court dismissed the action on the ground that the amount in controversy exceeded the jurisdiction of the justice. Meanwhile, the company had sold the car, in accordance with Code 1931, 40-3-19. This action was then brought upon the theory that the company was liable for conversion as a sequence to the dismissal of the detinue action. There is no appearance, in this court, on behalf of plaintiff.

As the company was entitled to the property without legal process, it certainly incurred no liability in obtaining possession by abortive process. ''If one has the right to take possession of personal property without legal process, it is difficult to imagine upon what theory he could be deprived of that right, if he attempted to exercise it, by legal process which subsequently turned out to be void. In either case plaintiff's position would be precisely the same.'' *Mendelson* v. *Irving,* 155 App. Div. 114, 139 N. Y. S. 1065. ''An action for taking and detaining personal property can only be maintained where plaintiff was the owner or entitled to the possession of the property at the time of the taking.'' *Wilson* v. *Live Stock Co.,* 153 U. S. 39, 38 L. Ed. 627.

The judgment is reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*