ELLIS *v.* SMITHERS.

4-7134                                           174 S. W. 2d 568

Opinion delivered October 25, 1943.

248

*W. H. Gregory* and *McDanial, Crow & Ward,* for appellant.

*Kenneth C. Coffelt,* for appellee.

HOLT, J.   Orlando Ellis, appellant, on October 18, 1941, purchased an electric refrigerator from Reece and Charles O. Smithers, appellees, under a conditional sales contract. The purchase price, including carrying charges, amounted to $181.40. There was a down payment of $34.89, and appellant agreed to pay the balance in monthly payments of $8.51. Seven of these monthly payments were made, but in July, 1942, appellant was behind three payments.

The sales contract contains, among others, the following provisions: ''Title to said merchandise and any additions thereto, or substitutions therefor, is retained by you until all amounts payable hereunder are fully paid in cash. Said merchandise shall remain personal property and not become part of the freehold. Time is the essence hereof; if you deem the indebtedness insecure, or if I fail to pay any of said installments as above set forth, all remaining installments shall without notice become payable forthwith, and I agree to return said merchandise to you and you may without notice or demand and without legal process enter the premises and

take possession of said merchandise and retain all prior payments as compensation for its use. Said merchandise may be sold with or without notice at private sale or public sale at which you may purchase, without having the merchandise present at the place of sale, and the proceeds thereof, less expenses, credited upon the amount unpaid, and in either event, as liquidated damages for the breach of this contract, I agree to pay any deficiency forthwith, plus 15 per cent. thereof for attorneys' fees. Waiver of any default shall not operate as a waiver of other defaults. Your assignee's rights shall be independent of and free from any claim by me against you, all of which I agree to settle directly with you. Should I make payments to you for transmittal to C. I. T. Corporation you shall be acting as my agent and not as the agent of the C. I. T. Corporation. I agree to pay promptly when due all taxes upon said merchandise or upon this contract, and not to remove said merchandise from the address where installed without your prior written consent. Upon full payment by me C. I. T. Corporation may deliver any and all original papers to you for me. No other extension of credit exists or is to be made in connection with my down payment on this merchandise. No agreement, arrangement or understanding past or present, regarding my purchase or payments, and no guaranty, representation or warranty, whether oral or written, express or implied, shall be binding on you or your assigns unless expressly contained herein in writing duly authorized. I acknowledge receipt of a true copy hereof.''

Appellant, on June 12, 1942, entered the army of the United States and has been in the service since that date. When he entered the service, appellant left the refrigerator in question in care and custody of T. S. Cate.

Some time between July 30th and August 2, 1942, appellees instituted a replevin action, under the provisions of Chapter 142 of Pope's Digest, in a court of a justice of the peace, making Mr. Cate, alone, defendant. Under these proceedings, there was a default judgment against Mr. Cate, and an order for delivery of the refrigerator to appellees. This order was immediately de-

livered to, and executed by, the sheriff of Saline county, and the refrigerator delivered to appellees, who shortly thereafter sold it to a third party for more than the unpaid balance due from appellant.

The present suit was filed September 3, 1942, by Orlando Ellis, to recover damages for the alleged unlawful taking and conversion of the refrigerator. In his complaint, appellant alleged in effect that the replevin action in the justice of the peace court was void and of no effect, that the repossession was wrongful and that appellant: "Under the Soldiers' and Sailors' Relief Act of 1940, effective October 17, 1940, the plaintiff here was protected by the provisions for the postponements of suits, judgments, attachments, garnishments, evictions, mortgages, foreclosures, repossession payments under installment purchases and conditional sales, etc. Under the above mentioned act the defendant, Reece Smithers, had no right to repossess this property." Appellees answered with a general denial. A jury trial resulted in a verdict and judgment for appellees. This appeal followed.

For reversal, appellant argues first "that the suit in justice court was wrongfully sued out and the order of delivery issued therein was void and, therefore, the taking possession of the ice box by Reece Smithers was a wrongful act." While appellees concede here that the proceedings in the justice of the peace court, under which the refrigerator was repossessed by appellees, were void, we cannot agree with appellant that it necessarily follows that taking possession of the refrigerator in this manner by appellees was, under the contract in question, wrongful and would subject them to damages.

Under the plain terms of this sales contract, title was retained in appellees until the purchase price was paid in full. "Time is the essence hereof; . . . if I fail to pay any of said installments as above set forth, all remaining installments shall without notice become payable forthwith, and I agree to return said merchandise to you and you may without notice or demand and without legal process enter the premises and take possession

of said merchandise and retain all prior payments as compensation for its use.''

There is no dispute that, at the time appellees repossessed the refrigerator, appellant was behind three monthly installments. .Under the contract, therefore, appellees had the right to repossess the property with or without notice and without legal process. Possession was obtained by appellees peaceably and without fraud. The applicable rule, under the facts here, is stated in 55 C. J., p. 1287, § 1313 b. (1). ''The conditional seller's right to possession of the goods sold on default of the buyer may be exercised without recourse to the courts by retaking possession provided this can be done peaceably; and this is especially true where the contract expressly so provides. The seller is not deprived of this right merely because he attempts to exercise it by void writ of replevin, or seizure.''

In support of the text is cited *Mendelson* v. *Irving,* 139 N. Y. S. 1065, 155 App. Div. 114, which was cited, with approval, by the Supreme Court of Appeals of West Virginia in *Kisner* v. *Commercial Credit Co.,* 114 W. Va. 811, 174 S. E. 330. In the latter case, it is said: ''If one has the right to take possession of personal property without legal process, it is difficult to imagine upon what theory he could be deprived of that right, if he attempted to exercise it, by legal process which subsequently turned out to be void. In either case plaintiffs' position would be precisely the same. *Mendelson* v. *Irving,* 155 App. Div. 114, 139 N. Y. S. 1065.''

This court very recently in *R. C. A. Photophone, Inc.,* v. *Sharum,* 189 Ark. 797, 75 S. W. 2d 59, where, under a contract containing provisions for repossession on default in payments, similar in effect to those in the contract before us, held (Headnote 2): ''Under a contract giving to the seller of a motion picture equipment the right to enter premises in which the equipment was located and repossess it upon default in payments, the purchaser after default could not recover damages for the seller's entry and removal of a vital part of the equipment.'' And, in the body of the opinion, it is said:

"Although appellant had the right granted to it under the terms of the contract to enter upon the premises and take therefrom the machinery or any part thereof, we disapprove the surreptitious and deceitful manner of appellant's agent in gaining entrance to the theater and taking therefrom a part of this machinery then in the possession of Sharum. But no damage resulted from this entry in itself. If there was any loss suffered by Sharum, it did not arise out of the manner of obtaining entrance to the building. Whatever loss Sharum may have suffered, if any, arose out of the fact that the appellant took from the machine a part of it so as to disable it completely. It had a right to do that. It is inconceivable that damages can be predicated upon the enforcement of the right, when the enforcement is done in accordance with the agreement of the parties." The case of *Berger* v. *Miller,* 86 Ark. 58, 109 S. W. 1015, is, also, directly in point.

Finally, appellant argues that he "was protected by the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940. October 17, 1940, (c. 888, par. 1, 54 Stat. 1178), for the postponement of suits, . . . repossession, payments under installment purchases and conditional sales, etc." We think it clear, however, that appellant was not entitled to the protection claimed, under the plain terms of the act in question (§§ 531-532).

The act protects only those who are already obligated when the act was approved and became effective, and did not apply to those who became obligated after its effective date, and then went into the armed forces. Appellant became obligated, on the contract here, October 18, 1941, approximately a year after the effective date of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940.

Nor can the above act, as amended October 6, 1942, (said amendment being entitled "The Soldiers' and Sailors' Civil Relief Act, Amendments of 1942"), afford any relief to appellant for the reason that the refrigerator in question was repossessed by appellees some time between July 30th and August 2, 1942, prior to the ap-

proval and effective date of the amendment, *supra,* on October 6, 1942.

Finding no error, the judgment is affirmed.