2010 Ark. App. 339

**Steven WASHINGTON, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 09–1017.**

Court of Appeals of Arkansas.

April 21, 2010.

Charles Daniel Hancock, Little Rock, for Appellant.

John T. Adams, Asst. Atty. Gen., for Appellee.

ROBERT J. GLADWIN, Judge.

Appellant Steven Washington appeals his conviction by a Jefferson County Circuit Court on charges of breaking or entering, theft of property, and battery in the second degree, for which he was sentenced to five years' probation, fines, and community service. He challenges the sufficiency of the evidence supporting the convictions and also argues that he was justified in using force to stop the repossession of his automobile. We affirm.

### Facts

On July 15, 2008, appellant was at his residence, the Crown Inn Motel, located at the intersection of Fifth and Walnut in Pine Bluff, Arkansas. On that date, Shelby Lee Ward, a repossession agent for Central Arkansas Recovery, attempted to repossess appellant's maroon Jeep from that location. Appellant protested the repossession, and evidence indicates that appellant came out of the motel room and was "screaming and cussing and hollering" at Mr. Ward. Appellant then opened the passenger-side door of the tow truck and jerked Mr. Ward's keys out of the vehicle. Upon discovering that he was unable to remove the Jeep from the lift, appellant approached and struck Mr. Ward several times on the hand and arm with a "Club" brand steering wheel theft-protection device.

An information was filed on August 27, 2008, alleging that appellant committed the following offenses: breaking or entering, in violation of Arkansas Code Annotated section 5–39–202(a)(1) (Repl.2006), by breaking into the tow truck; theft of property with a value of $500 or less, in violation of Arkansas Code Annotated section 5–36–103(a)(1) (Supp.2007), by knowingly taking unauthorized control over the tow-truck keys with the purpose of depriving Mr. Ward thereof; and battery in the second degree, in violation of Arkansas Code Annotated section 5–13–202(a)(2) (Supp. 2007), by, with the purpose of causing physical injury to another person, causing physical injury to Mr. Ward by means of a deadly weapon other than a firearm.

A bench trial was held on May 6, 2009, during which Mr. Ward testified to the events. Joe Spadoni, Mr. Ward's stepson and owner of Foster Towing and Central Arkansas Recovery, also testified for the State. He responded to the incident after receiving calls about appellant's actions. Officer Greg Will of the Pine Bluff Police Department was the final witness in the State's case in chief. He testified regarding his response to the scene of the incident, including appellant's initial denial that he had Mr. Ward's keys as well as his subsequent admission and recovery of the keys from, or near, a trash can in appellant's room on the third floor of the motel. At the conclusion of his testimony, the State rested. Appellant's counsel moved for directed verdict on all three counts, which were denied by the circuit court.

Appellant then testified on his own behalf. He testified that Mr. Ward did not identify himself and that he was simply attempting to get his belongings out of the back of the truck. He denied yelling and cussing at Mr. Ward and claimed to have hit the end of the truck with the Club rather than striking Mr. Ward. He acknowledged reaching into the tow truck, taking the keys, and putting them into his pocket, but claimed that he never left Mr. Ward's presence with the keys.

At the conclusion of appellant's testimony, his counsel rested and renewed the motions for directed verdict on the same grounds. Additionally, counsel asked the circuit court to consider the affirmative defense, actually a justification defense, for the use of physical force in defense of premises or property or to prevent or terminate the commission or attempted commission of a criminal trespass, pursuant to Arkansas Code Annotated section 5–2–608 (Supp.2007). The motion was again denied.

The circuit court found appellant guilty on all three counts, specifically finding that appellant's testimony was "somewhat unbelievable." Appellant was sentenced as previously set forth, and the judgment was entered on May 27, 2009. Appellant filed a timely notice of appeal on June 15, 2009, and this appeal followed.

## I. Sufficiency of the Evidence

### (A) Standard of Review

When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *White v. State*, 98 Ark.App. 366, 255 S.W.3d 881 (2007). Only evidence supporting the verdict will be considered. *Id.* The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Graham v. State*, 365 Ark. 274, 229 S.W.3d 30 (2006). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* Credibility determinations are made by the trier of fact, who is free to

believe the prosecution's version of events rather than the defendant's. *See Ross v. State,* 346 Ark. 225, 57 S.W.3d 152 (2001).

(B) *Discussion*

██ Arkansas Code Annotated section 5–39–202(a)(1) provides that a person commits the offense of breaking or entering if for the purpose of committing a theft or felony he or she breaks or enters into any building, structure, or vehicle. Regarding theft of property, Arkansas Code Annotated section 5–36–103(a)(*l*) provides that a person commits theft of property if he or she knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner of the property. Additionally, Arkansas Code Annotated section 5–13–202(a)(2) deals with battery in the second degree and provides in pertinent part that a person commits battery in the second degree if, with the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a deadly weapon other than a firearm.

Appellant argues that the circuit court erred in denying his motions for directed verdict because the State failed to present sufficient evidence to establish the necessary elements for the three offenses charged. He focuses on his intent at the time of the incident as he recounts the facts from his perspective. Appellant points out that Mr. Ward acknowledged at trial that at the time appellant was yelling, cussing, and grabbing the tow-truck keys out of the ignition, appellant "could have been" indicating that the vehicle belonged to him. Appellant also submits that Mr. Ward knew that appellant had the keys to the maroon Jeep he was attempting to tow because he saw appellant get into the vehicle and start it in an attempt to remove it from the tow-truck lift. Appellant also construes Mr. Ward's testimony to indicate that he was aware that, if someone comes out and claims ownership of the vehicle being towed, he is required to leave and attempt the repossession at a later time if there is a chance the peace would be breached.

Appellant challenges the State's contention that it was his intent to enter the truck belonging to Central Arkansas Recovery and remove the keys from inside in order to deprive Mr. Ward of those keys and, consequently, use of the truck. He argues that the State's theory has no basis in reality and maintains that the only reasonable conclusion that can be drawn from the facts is that he entered the truck and removed the keys in an attempt to stop Mr. Ward from repossessing his Jeep. He suggests that, even if one could draw the conclusion that he entered the truck and removed the keys for the purpose of depriving Mr. Ward of his property, two equally reasonable conclusions exist; accordingly, the fact-finder was left to speculate in deciding the case. Appellant asserts that this renders the proof insufficient to sustain the convictions for both breaking or entering and theft of property.

Appellant's argument fails because it does not address whether he committed the offenses of breaking or entering and theft of property, only whether he was justified in committing them. Based upon the record before us, there was substantial evidence presented from which the circuit court could determine that appellant, for the purpose of committing a theft or felony, broke into Mr. Ward's vehicle. Substantial evidence also exists to support the finding that appellant knowingly took and exercised unauthorized control over Mr. Ward's tow-truck keys with the purpose of depriving Mr. Ward of them.

As to the second-degree battery charge, appellant notes that Mr. Ward testified that, when appellant was swinging the Club at him, Mr. Ward was attempting to prevent appellant from letting the Jeep down from the tow-truck lift. Appellant submits that two equally reasonable conclusions can be drawn from the facts: (1) appellant's intent was to cause physical injury to Mr. Ward; or (2) appellant's intent simply was to get his Jeep off of the tow-truck lift and stop Mr. Ward from repossessing it. He asserts that the State failed in its evidentiary burden and that the battery conviction should be reversed.

The State correctly indicates that this court does not apply the "no other reasonable inference" standard as part of the appellate review. With regard to the credibility of witnesses |₇and inconsistencies in witness testimony, it is the province of the circuit court, not the appellate court, to evaluate witness credibility and to resolve any conflicts in the evidence. Resolution of conflicts in testimony and assessment of witness credibility is for the finder of fact. *Loy v. State*, 88 Ark.App. 91, 195 S.W.3d 370 (2004). The circuit judge determined that there were not two equally reasonable conclusions, specifically finding appellant's testimony "somewhat unbelievable." Clearly, she credited Mr. Ward's version of the events. In this case, the trial court, as the finder of fact, found the testimony of the State's witnesses to be more credible than the testimony of appellant and resolved any conflicts in the testimony in the State's favor; this court is bound by these determinations.

Considering the evidence that supports the verdict, including appellant's eventual equivocation as to whether he struck Mr. Ward—"To my knowledge, I did not hit him. I never intended to hit him"—we hold that there was substantial evidence presented to support the circuit court's

determination that, with the purpose of causing physical injury to Mr. Ward, appellant caused physical injury to Mr. Ward by means of a deadly weapon other than a firearm, specifically, the metal Club.

We affirm on this point as to all three counts.

### II.  Justification in Use of Force

|₈Arkansas Code Annotated section 5-2-608(a) covers the defense of premises justification, and provides that a person in lawful possession or control of premises or a vehicle is justified in using non deadly physical force upon another person when and to the extent that the person reasonably believes the use of non deadly physical force is necessary to prevent or terminate the commission or attempted commission of a criminal trespass by the other person in or upon the premises or vehicle. Appellant states that it is undisputed that Mr. Ward appeared at the motel where appellant was living and attempted to repossess the maroon Jeep owned by appellant.

He cites *Manhattan Credit Co. v. Brewer*, 232 Ark. 976, 341 S.W.2d 765 (1961), in which our supreme court stated that a conditional seller's right to possession of the goods sold on default of the buyer may be exercised without recourse to the courts by retaking possession provided it can be done peaceably. In *Brewer*, the owners had their vehicle repossessed from their home after specifically informing the repossession agent that they protested. The agent took the vehicle to a nearby gas station, and the Brewers followed him, with Mr. Brewer reaching in the repossession agent's truck and turning off the ignition. The court determined that this protest was sufficient to uphold a verdict of conversion in favor of the Brewers. The supreme court also noted in that case that the Brewers clearly could not have pre-

vented the agent from driving away with their automobile without having to exercise force to prevent it.

Appellant maintains that the testimony from both Mr. Ward and him supports the use of force employed by him to prevent the conversion and trespass of his property—the maroon Jeep. Under these circumstances, as in *Brewer*, appellant submits that he was justified in using non deadly force to stop the attempted repossession.

The circuit court specifically found that, because appellant's version of the events was unbelievable, appellant did not have a justification defense. The State submits that because any reasonable person would, and the circuit judge indicated that appellant did in fact, realize that Mr. Ward was acting on behalf of a repossession agency, he could not have been acting on a reasonable belief that he was preventing a criminal trespass. *See, e.g., Oaklawn Bank v. Baldwin*, 289 Ark. 79, 709 S.W.2d 91 (1986) (holding that generally, it is not a violation of Arkansas law to repossess a vehicle from the driveway of an owner as long as it can be accomplished without a breach of the peace). We agree.

Regarding appellant's reliance on *Brewer*, the facts are distinguishable from the instant case. There, the repossessor responded to the Brewers' actions by turning the ignition back on, which started the motor, and beginning to back out of the gas station, causing Mr. Brewer to have to get out of the way. Additionally, the agent then drove away with the automobile. The supreme court held that a repossession could amount to a conversion when accompanied by force or threats of force. *Brewer, supra.* There is no evidence before us to indicate that Mr. Ward similarly used force against appellant or threatened appellant with force. The record contains substantial evidence to support the circuit court's determination that

appellant committed second-degree battery against Mr. Ward and that he was not justified in using physical force in this situation.

Affirmed.

HENRY and BROWN, JJ., agree.