# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3259

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Abe B. Evans, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: April 18, 2006
Filed: August 1, 2006

———————

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

———————

WOLLMAN, Circuit Judge.

Abe B. Evans appeals his conviction on eight counts of uttering forged securities in violation of 18 U.S.C. § 513(a). On appeal, he asserts that the district court[1] deprived him of his right to an impartial jury by dismissing a juror for cause who expressed reservations about the credibility of witnesses who had made plea deals with the government.[2] We affirm.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2]Following the submission of the briefing, Evans tendered a pro se supplemental brief challenging the sentence imposed by the district court based on

Plastene Supply Company (Plastene) hired Evans as a maintenance worker in 1997 and terminated his employment in June 1998. During that period, Evans became romantically involved with Andrea Buchanan, Plastene's payroll clerk. In early 1998, Buchanan and Evans devised a scheme to cash false payroll checks and keep the proceeds. This scheme continued until February 2002, when Plastene discovered that Evans and Buchanan had embezzled approximately $1.8 million.

After Plastene discovered the scheme, Buchanan pleaded guilty to one count of income tax fraud and one count of uttering a forged instrument, and she agreed to testify against Evans. During jury selection, the district court asked the prospective jurors whether they would have trouble believing witnesses who were cooperating with the government in exchange for leniency. Voir Dire Tr. at 48. One potential juror, Mr. Stevenson, informed the court that "this deal of making deals is something that has always bothered me." Id. at 61. He referenced his experience in a community where he felt some criminals were receiving unfair plea agreements, and he twice stated that he would need "some kind of convincing" of the propriety of such deals. Id. at 61-62. Following a recess, the court further questioned Stevenson about what it would take for him to believe a witness who was cooperating with the government. Stevenson replied "That's one thing I'm trying to figure out myself," again mentioning his perception of unfair plea deals in his community. Id. at 63-64.

Under questioning by the prosecutor, Stevenson said that if he were a juror in a case "with no deals made," he would be "level headed enough to make that without a problem, but this other thing, the deal . . . I'm hard-headed." Id. at 73. He explained

---

facts that were not proven to a jury beyond a reasonable doubt. We denied Evans' motion to file the supplemental brief. Evans has since discharged his retained counsel and is proceeding pro se. Having now considered his argument, we conclude that it is without merit in light of our holding that Booker allows for judicial fact-finding using a preponderance of the evidence standard as long as the guidelines are applied in an advisory manner. United States v. Thorpe, 447 F.3d 565, 569 (8th Cir. 2006).

that in such a situation he "could probably be convinced, but it would take some convincing to me that there wasn't something." Id. At the conclusion of voir dire, the government challenged several prospective jurors for cause, including Stevenson. The district court granted the government's challenge of Stevenson, concluding that "the bottom line is he really was going to have trouble being fair in this case." Id. at 99-100.

The decision to excuse a juror for cause is vested in the district court's discretion, a decision that we will uphold on review if the record reflects a legitimate basis for it. United States v. Gianokos, 415 F.3d 912, 922 (8th Cir. 2005). In United States v. Mills, we upheld the district court's decision to strike two jurors for cause because they had "demonstrated a predisposition towards disbelieving government witnesses who testify under a grant of immunity." 987 F.2d 1311, 1314 (8th Cir. 1993). Similarly, based on juror Stevenson's comments quoted above, the record shows a legitimate basis for the district court's decision that Stevenson showed a predisposition towards disbelieving government witnesses who were cooperating with the government as part of a plea agreement.

The judgment is affirmed.

_____