# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2329

_____

United States of America,      *

     *

    Plaintiff - Appellee,      *

     *    Appeal from the United States

v.      *    District Court for the

     *    District of North Dakota.

Stephen Marc O'Berry,      *

     *    **[UNPUBLISHED]**

    Defendant - Appellant.      *

_____

Submitted: November 16, 2006
Filed: January 22, 2007

_____

Before LOKEN, Chief Judge, MELLOY, Circuit Judge, and SCHILTZ,[*] District
     Judge.      _____

PER CURIAM.

A jury convicted Stephen Marc O'Berry of knowingly receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4)(B), (b)(1), and (b)(2). O'Berry appeals, arguing the evidence was insufficient to support the jury's verdict. Viewing the trial evidence in the light most favorable to the verdict, as we must, we affirm. See United States v. Rayl, 270 F.3d 709, 712 (8th Cir. 2001) (standard of review).

_____

[*]The HONORABLE PATRICK J. SCHILTZ, United States District Judge for the District of Minnesota, sitting by designation.

On July 15, 2004, law enforcement officers executed a search warrant at the home of O'Berry, a professional computer technician, and his wife, Dusty. As he read the warrant, O'Berry became visibly nervous. The officers asked if they would find any child pornography on the couple's computers. O'Berry initially said no, then later said they might find some child pornography because he formerly worked with an organization that reported child pornographers to the police.

The officers seized two personal computers from the home's master bedroom, one belonging to O'Berry and the other to Dusty. Upon analysis, the officers found that O'Berry's computer contained 1,390 still images and 35 videos depicting minors engaged in sexually explicit conduct. Most of the images had been downloaded using a software program called Newsbin Pro, which allows the user to search news groups (internet bulletin boards) by topic for text, pictures, and videos. O'Berry admits there was child pornography on his computer but argues the government failed to prove that he knowingly received and possessed it.

Immigration and Customs Enforcement Agent Douglas Skinner testified that the Newsbin Pro on O'Berry's computer was used to subscribe to seventy-seven different news groups, most of which were pornographic in nature, and to select and download material from news groups with titles such as "erotica.teen.female.toys," "pictures.child," "pictures.teen-starlets," "adolescents," and "pictures.erotica.ll-series" (Skinner explained that "ll" is commonly used to refer to a child pornography magazine called "Little Lolita" that has been scanned and posted online). Skinner testified that a user of O'Berry's computer had used Windows Media Player software to view pornographic child videos and that the software was set to access a folder entitled "pictures.erotica.ll-series" when asked to open a video file. The videos had not been deleted, as one would expect if a user discovered that child pornography had been unintentionally downloaded onto his or her computer. One explicit child video had been prepared by downloading separate segments and reassembling them into a single file.

Dusty O'Berry testified that she had access to and knew how to use O'Berry's computer but was an unsophisticated user compared to her husband. Dusty admitted using Newsbin Pro to download adult pornography, but not child pornography, onto O'Berry's computer. She did not install Newsbin Pro on her computer. Dusty denied intentionally downloading child pornography onto any of their computers and stated she would have deleted any that she discovered. O'Berry denied knowing there was child pornography on his computer, stating that he had deleted any such material unintentionally downloaded in the past.

We reverse a conviction for insufficient evidence only if "a rational jury would have had no choice but reasonably to doubt the existence of an element of a charged crime." United States v. Watson, 952 F.2d 982, 987 (8th Cir.1991). Here, the government presented evidence that users of a computer belonging to O'Berry and kept in his bedroom had subscribed to news groups with pornographic titles and had received, accessed, manipulated, and not deleted a vast amount of obvious and explicit child pornography. Thus, the inference that either or both of the O'Berrys had knowingly received and possessed child pornography was overwhelmingly strong. O'Berry argues the government failed to prove that his wife was not the culprit because she had access to his computer and knew how to use it. We disagree. Both O'Berry and Dusty denied intentionally downloading or preserving child pornography on the computer. This created credibility issues for the jury to resolve. The jury was free to believe Dusty and not O'Berry. Moreover, if the jury found that both the O'Berrys knowingly received and possessed child pornography, O'Berry was guilty whether or not Dusty was also charged. In these circumstances, we conclude that the evidence was clearly sufficient to sustain the jury's verdict.

The judgment of the district court is affirmed.

_____