## Anthony WHITE *v.* STATE of Arkansas

CA CR 06-779                                           255 S.W.3d 881

### Court of Appeals of Arkansas
### Opinion delivered April 25, 2007

*William R. Simpson, Jr.*, Public Defender, and *Jennifer Way-mack*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellant Anthony White was convicted of possession of cocaine and possession with intent to use drug paraphernalia, and he was sentenced as a habitual offender to six years' incarceration in the Arkansas Department of Correction on each count, with the sentences to run concurrently. His sole point on appeal is that the circuit court erred in denying his motion to dismiss the charge of possession of drug paraphernalia with intent to use while in the course of and in furtherance of a felony-drug offense. We affirm.

On April 4, 2005, Officer Tom Lopez of the North Little Rock Police Department conducted a routine traffic stop after noticing appellant failed to stop at a red light. When Officer Lopez approached appellant, appellant was acting very nervous and stammering. It was then that Officer Lopez noticed in plain view a plastic bag sticking out of appellant's jacket pocket. He ordered appellant out of the car, and, upon further inspection of the bag, Officer Lopez determined that it had rocks of suspected crack cocaine in it. He arrested appellant, and during a search incident to arrest, discovered a crack pipe stuck in the front of appellant's belt.

A bench trial was held on March 8, 2006, and the State presented three witnesses, Officer Lopez, Officer Daniel Haley, who assisted in the traffic stop and arrest, and Felecia Lackey, a forensic-drug chemist from the Arkansas State Crime Lab. At the close of the State's case-in-chief, appellant moved to dismiss both charges. With respect to the cocaine-possession charge, he argued that the State had failed to show that appellant had actually possessed cocaine because the identification was insufficient to show that the individual on trial was the particular defendant who committed the offense. He pointed out that the indictment listed Elton White, as opposed to Anthony White, and also listed his date of birth incorrectly. Also, he argued that there was insufficient evidence to show that appellant had knowledge that the cocaine was in his pocket. As to the drug-paraphernalia charge, he argued that the State failed to prove that appellant possessed, with the intent to use, drug paraphernalia, i.e., the pipe, to ingest, inhale or otherwise introduce into the human body a controlled substance, or that it was in the course or furtherance of a felony-drug offense.

The State responded that appellant had been positively identified by both officers, and that the pipe in question, which is used to ingest a controlled substance, would obviously be in furtherance of the felony-possession charge. Both motions were denied, and, after various recesses, the case resumed with appellant

testifying on his own behalf. Appellant's attorney then rested and renewed the motions to dismiss. The renewed motions were denied, and the circuit court found appellant guilty and sentenced him as set forth above, as evidenced by the judgment and conviction order filed on April 12, 2006. Appellant filed a timely notice of appeal on April 25, 2006.

For his sole point on appeal, appellant argues that the circuit court erred in denying his motion to dismiss the charge of possession of drug paraphernalia with intent to use while in the course of and in furtherance of a felony-drug offense. He preserved this issue for appeal by moving to dismiss the charge at the appropriate time as set forth in Rule 33.1 of the Arkansas Rules of Criminal Procedure.

A motion to dismiss at a bench trial and a motion for a directed verdict at a jury trial are challenges to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1 (2005); *Graham v. State*, 365 Ark. 274, 229 S.W.3d 30 (2006). When a defendant challenges the sufficiency of the evidence that led to a conviction, the evidence is viewed in the light most favorable to the State. *Id.* Only evidence supporting the verdict will be considered. *Id.* The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.*

The appellant was charged with and convicted of possession with intent to use drug paraphernalia, as set forth in Ark. Code Ann. § 5-64-403(c) (Repl. 2005) as follows, in pertinent part:

(c) Drug Paraphernalia.

(1)(A)(i) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.

(ii) A violation of subdivision (c)(1)(A)(i) of this section is a Class A misdemeanor.

(B) Any person who violates subdivision (c)(1)(A)(i) of this section in the course of and in furtherance of a felony violation of this chapter is guilty of a Class C felony.

Additionally, Ark. Code Ann. § 5-64-101(14)(B) (Repl. 2005) describes items that can be identified as drug paraphernalia, and subsection (xii)(a) specifically identifies "[a]n object used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body, such as . . . [a] metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe with or without a screen, permanent screen, hashish head, or punctured metal bowl." Finally, section 15-64-101(14)(C) (Repl. 2005) states that in determining whether an object is "drug paraphernalia," a court or other authority should consider, in addition to any other logically relevant factor, the following:

> (i) A statement by an owner or by anyone in control of the object concerning its use;
>
> (ii) A prior conviction, if any, of an owner or of anyone in control of the object under any state or federal law relating to any controlled substance;
>
> (iii) The proximity of the object in time and space to a direct violation of this chapter;
>
> (iv) The proximity of the object to a controlled substance;
>
> (v) The existence of any residue of a controlled substance on the object;
>
> (vi)(a) Direct or circumstantial evidence of the intent of an owner or of anyone in control of the object to deliver it to a person whom he or she knows, or should reasonably know, intends to use the object to facilitate a violation of this chapter.
>
> (b) The innocence of an owner or of anyone in control of the object as to a direct violation of this chapter does not prevent a finding that the object is intended for use or designed for use as "drug paraphernalia";
>
> (vii) An oral or written instruction provided with the object concerning its use;
>
> (viii) Descriptive materials accompanying the object that explain or depict its use;
>
> (ix) National and local advertising concerning the object's use;

(x)  The manner in which the object is displayed for sale;

(xi)  Whether the owner or anyone in control of the object is a legitimate supplier of a like or related item to the community, such as a licensed distributor or dealer of a tobacco product;

(xii)  Direct or circumstantial evidence of the ratio of sales of the objects to the total sales of the business enterprise;

(xiii)  The existence and scope of legitimate uses for the object in the community;  and

(xiv)  Expert testimony concerning the object's use.

Subsections (i)-(v) support the circuit court's determination that the pipe constituted drug paraphernalia, and appellant does not really contest that finding. Rather, appellant contends that the State failed to prove that he used the pipe found sticking out of the front of his belt in furtherance of his possession of the cocaine found in his jacket.

Intent is rarely provable by direct evidence. *Price v. State*, 347 Ark. 708, 66 S.W.3d 653 (2002). Intent must usually be inferred from the circumstances of the crime. *See Watson v. State*, 358 Ark. 212, 188 S.W.3d 921 (2004). Generally, circumstantial evidence is the only means of proof available in proving intent. *See Smith v. State*, 264 Ark. 874, 575 S.W.2d 677 (1979). Circumstantial evidence of a culpable mental state may constitute substantial evidence to sustain a guilty verdict. *See Steggall v. State*, 340 Ark. 184, 194, 8 S.W.3d 538, 545 (2000). However, while a criminal defendant's intent or state of mind is rarely capable of proof by direct evidence and must usually be inferred from the circumstances of the crime, whether the evidence is direct or circumstantial, it must still meet the requirement of substantiality. *See Gregory v. State*, 341 Ark. 243, 15 S.W.3d 690 (2000). It must force the fact-finder to reach a conclusion one way or the other without resorting to speculation or conjecture. *Id.*

Because of the difficulty of ascertaining a defendant's intent, a presumption exists that a person intends the natural and probable consequences of his acts. *Leaks v. State*, 345 Ark. 182, 45 S.W.3d 363 (2001). Additionally, the question of a defendant's intent or state of mind is for the trier of fact to decide, based upon the evidence presented. *See Price v. State*, 347 Ark. 708, 66 S.W.3d 653 (2002). The trier of fact is allowed to draw upon common

knowledge and experience to infer intent from the circumstances. *See Whisenant v. State*, 85 Ark. App. 111, 146 S.W.3d 359 (2004).

■ Appellant admitted that the pipe belonged to him. It was found on his person, sticking out of his belt near the cocaine discovered in the baggy hanging out of his jacket pocket. Cocaine residue was found on the pipe, and appellant admitted that he had used it to smoke cocaine in the past. The State asserts that there was sufficient evidence presented to show that appellant possessed the pipe with the intent to use it to further a felony-cocaine offense either in the past or the future. Ark. Code Ann. § 5-64-403(c) states that "it is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to . . . inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter." While officers did not actually see him use the pipe to smoke the cocaine, the evidence is sufficient to support the finding that he possessed it with the intent to use, which meets the requirements of Ark. Code Ann. § 5-64-403(c).

Appellant's possession of the 0.3120 grams of cocaine was the underlying felony-drug charge related to the drug-paraphernalia charge. With respect to the phrase "in the course of and in furtherance of the felony," there is an absence of case law to guide our decision. Although the dissenting judge urges that we adopt the case law pertaining to a felony-murder case, we decline to do so. *See Harper v. State*, 359 Ark. 142, 194 S.W.3d 730 (2004); *Parker v. State*, 292 Ark. 421, 731 S.W.2d 756 (1987). The possession of drug paraphernalia in the course of and in furtherance of a felony-drug violation is significantly different than a felony-murder situation. The two primary objectives associated with the possession of a controlled substance, such as the crack cocaine in this case, are consumption or sale. Based upon the evidence presented and the fact that appellant was not charged with intent to deliver, the likely objective in this case was consumption. Next, the State was required to show that the possession of the drug paraphernalia facilitated that objective, or made the commission of the offense easier. The State argues, and we agree, that possessing the pipe clearly facilitated, or made it easier, for appellant to smoke or ingest the cocaine.

The Eighth Circuit Court of Appeals recently faced the issue of defining the phrase "in furtherance of," holding that in order to "convict a defendant of possessing a firearm in furtherance of a drug trafficking crime, the jury must have found a nexus between

the defendant's possession of the firearm and the drug offense." *United State v. Thorpe*, 447 F.3d 565 (8th Cir. 2006). The court found support for the jury verdict from evidence presented that the firearm was used for protection, kept near the drugs, and in close proximity to the defendant during drug transactions. *Id. See also United States v. Sanchez-Garcia*, 461 F.3d 939 (8th Cir. 2006) (holding that a fact-finder may reasonably infer that possession of a weapon advanced or facilitated an underlying drug offense from evidence that the weapon was kept close to the drugs and expert testimony as to its use).

■ When viewed in the light most favorable to the State, the evidence presented at the trial was sufficient to permit the circuit court to find that the possession of the crack pipe facilitated the possession of the cocaine, or that there was a sufficient nexus between the pipe and the drugs. Both the pipe and the drugs were discovered on appellant's person, and appellant even testified that he previously had used that particular pipe to ingest cocaine. The circuit court did not commit error in finding that there was sufficient evidence to support the conviction for possession with intent to use drug paraphernalia. We affirm.

Affirmed.

PITTMAN, C.J., HART, ROBBINS, and BIRD, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. The issue in this case is whether the State proved that Anthony White committed Class C possession of a drug pipe in furtherance of a felony drug offense (possession of cocaine) in violation of Ark. Code Ann. § 5-64-403(c)(1)(A)(i) (Repl. 2005). Possession of drug paraphernalia in violation of subsection (c)(1)(A)(i) is a Class C felony if committed in the course of and in furtherance of a felony violation under subchapters 1-6 of the Controlled Substances Act. Ark. Code Ann. § 5-64-403(c)(1)(B). Otherwise, possession of drug paraphernalia in violation of subsection (c)(1)(A)(i) is a Class A misdemeanor. Ark. Code Ann. § 5-63-403(c)(1)(A)(ii). Because the State failed to prove that the underlying felony, cocaine possession, had an objective independent of White's possession of the crack pipe that was facilitated by his crack-pipe possession, I would affirm White's conviction but remand for resentencing as a Class A misdemeanor.

The majority opinion correctly states that the Arkansas Supreme Court has examined the phrase "in the course of and in

furtherance of the felony" in the context of a felony-murder charge, and determined that the *underlying felony must have an independent objective* that the murder facilitates. *See Harper v. State,* 359 Ark. 142, 104 S.W.3d 730 (2004); *Parker v. State,* 292 Ark. 421, 731 S.W.2d 756 (1987) (emphasis added). The *Parker* court explained:

> For the phrase "in the course of and in furtherance of the felony" to have any meaning, *the burglary must have an independent objective which the murder facilitates. In this instance, the burglary and murder have the same objective.* That objective, the intent to kill, is what makes the underlying act of entry into the home a burglary. *The burglary was actually no more than one step toward the commission of the murder and was not to facilitate the murder.*

*Parker,* at 427, 731 S.W.2d at 759 (emphasis added). Thus, pursuant to *Parker,* where the objectives of the underlying felony and the furthering felony are the same, the State cannot prove the "furtherance" element.

The majority also correctly states that in this case possession of cocaine is the felony that the State alleged was being furthered by White's possession of the crack pipe. *See* Ark. Code Ann. § 5-64-401(a)(1) (Repl. 2005). The majority maintains that cocaine possession has twin independent objectives of consumption or sale and affirms appellant's conviction reasoning that appellant's possession of the drug pipe facilitated his consumption of cocaine.

However, the majority misapprehends the independent-objective test. The State does not satisfy its burden of proof by merely proving that cocaine possession has multiple, independent objectives. Rather, the State must prove that cocaine possession has an *objective that is independent of the crack-pipe possession that is facilitated by the crack pipe possession.* This is made clear by the language in *Parker,* apparently ignored by the majority, explaining that where the objectives of the underlying felony and the furthering felony are the same, the State cannot prove the "furtherance" element. *Parker,* at 427, 731 S.W.2d at 759.

Applying the *Parker* reasoning here means that White could be convicted of Class C possession of drug paraphernalia only if his possession of cocaine had an objective independent from his crack-pipe possession. By the plain terms of the majority's reasoning, the objective of the cocaine possession *is not independent from the objective of the crack-pipe possession.* Like the burglary and murder

in the *Parker* case, both White's possession of cocaine and his possession of the crack pipe serve *the same objective*: to allow him to ingest or smoke cocaine.

As in *Parker*, the felony being furthered here did not have an objective independent of the "furthering" felony because both felonies constituted steps toward the commission of the *same*, ultimate crime. That means the State failed to prove that White committed Class C felony possession of drug paraphernalia. Because White does not dispute that he possessed the crack pipe or that the pipe contained cocaine residue, I would affirm his conviction for possession of drug paraphernalia but would remand for resentencing as a Class A misdemeanor pursuant to § 5-63-403(c)(1)(A)(ii).

Finally, the majority's citation to Eighth Circuit cases is unpersuasive. While the Eighth Circuit applies a similar "nexus" test in cases involving possession of a firearm in furtherance of a federal drug-trafficking crime, the Arkansas Supreme Court has not adopted a nexus test for cases involving the possession of drug paraphernalia in furtherance of a felony under Arkansas's Controlled Substances Act. Whether to adopt the nexus test, which eases the government's burden of proof, is a matter for the Arkansas General Assembly or the Arkansas Supreme Court to decide — not the Arkansas Court of Appeals. Accordingly, I would reverse and remand this case pursuant to *Parker, supra*, which is the governing law in this case.