# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1249

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　District of Nebraska.
Elias Zavala, also known as Shannon　*
Estrada, also known as Francisco　　*　　[UNPUBLISHED]
Alvarez-Estrada,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　*

_____

Submitted: January 15, 2008
Filed:　March 28, 2008

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In March 2002, a jury convicted Zavala on three counts involving methamphetamine conspiracy and possession. The district court[1] sentenced Zavala to concurrent sentences totaling 360 months. On direct appeal, we vacated the sentence and ordered a Booker remand because the district court sentenced Zavala under a mandatory scheme. United States v. Zavala, 427 F.3d 562 (8th Cir. 2005).

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

At resentencing, the district court again sentenced Zavala to a total of 360 months, applying the guidelines in an advisory fashion. Zavala appeals, challenging the court's denial of his motion for new trial and/or plenary sentencing hearing; the court's application of a preponderance-of-the-evidence standard at the resentencing hearing; the court's denial of his request for a jury trial on each sentencing enhancement; and the court's application of the 18 U.S.C. § 3553(a) factors upon remand. For the reasons stated herein, we affirm.

This court's prior remand stated that "we vacate [Zavala's] sentence and remand to the district court for resentencing under an advisory guidelines regime." Id. at 566. In light of that language, the district court held that the sole issue to be addressed at resentencing was the imposition of a sentence under an advisory, rather than a mandatory, guideline scheme. At the resentencing hearing, the district court stated, "I view this resentencing as simply a resentencing under an advisory guideline scheme. I don't view this as reopening other issues of enhancements that were already decided when Mr. Zavala was sentenced the last time around."

Zavala argues that the remand was not so limited and that the district court should have expanded the resentencing hearing. Specifically, Zavala contends that had the district court reopened the sentencing hearing and heard new evidence, it likely would have amended its prior credibility determination of a testifying witness, Pamela Maldonado.

Zavala claims that the district court based its initial sentencing determination almost exclusively on the testimony of Maldonado, a witness Zavala claims the district court erroneously credited. After Zavala's initial sentencing, another district court judge made an adverse credibility determination with respect to Maldonado's testimony in the Rodriguez case–another case arising from the same investigation. The thrust of Zavala's argument is that at the time of resentencing, the district court, and the probation officer completing Zavala's PSR, might have been persuaded by that

adverse credibility determination concerning Maldonado's <u>Rodriguez</u> testimony. Zavala contends that the district court should have similarly discredited Maldonado's testimony and sentenced Zavala accordingly. Aligning Zavala's sentence with that of Rodriguez's, according to Zavala, would also foster uniformity given the similarity of their offenses.

"Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing." <u>United States v. Cornelius</u>, 968 F.2d 703, 705 (8th Cir. 1992); <u>see also</u> <u>United States v. Dunlap</u>, 452 F.3d 747, 749-50 (8th Cir. 2006). The rule is not, however, that the district court *must* hear new evidence. It simply *can* hear new evidence. Accordingly, the district court did not err in limiting resentencing to the clear concern of the circuit panel–that the court initially sentenced Zavala under a mandatory scheme rather than an advisory one.

Zavala also contends that the district court failed to adequately consider the evidence under the 18 U.S.C. § 3553(a) factors at resentencing–specifically, the disparity of sentences between Zavala and the <u>Rodriguez</u> defendant, at whose hearing Maldonado also testified. However, the district court had available all of the evidence received at the previous sentencing hearing, expressly considered that evidence in light of the § 3553(a) factors, and resentenced Zavala at the bottom of the suggested guidelines range. The sentence is reasonable–our ultimate inquiry.

We need not address Zavala's remaining arguments as he concedes there is no legal support for the arguments that he is entitled to be charged by indictment with any enhancements, that he is entitled to a jury trial on any enhancements, and that the government must prove the basis for any enhancements beyond a reasonable doubt. <u>United States v. Okai</u>, 454 F.3d 848, 851 (8th Cir.), <u>cert. denied</u>, 127 S. Ct. 697

(2006); <u>United States v. Evans</u>, 455 F.3d 823 n.2 (8th Cir. 2006); <u>United States v. Salter</u>, 418 F.3d 860, 862 (8th Cir. 2005).

       Accordingly, we affirm the district court.

_____