# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3732
_____

United States of America

*Plaintiff - Appellee*

v.

Ronnie Landsdown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 27, 2013
Filed: November 7, 2013

_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Ronnie Edward Landsdown of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). He appeals, attacking the sufficiency of the evidence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Police noticed that an internet protocol address leased by Landsdown was sharing child pornography. Obtaining a warrant, they searched his house. They

seized a desktop computer and a laptop computer, both with child pornography. Landsdown declined to come home. Landsdown and one of his roommates, David Guy Hicks, were arrested. Hicks pled guilty to possessing the child pornography on the laptop. He denied receiving the child pornography on the desktop, which had completely different images than the laptop. The desktop was located in a common area, not password protected, and used by all six roommates (and one house guest).

Landsdown was tried for receiving the child pornography on the desktop. No witnesses testified to seeing him download or view child pornography. Landsdown owned the desktop, fixed it so it worked, paid for the internet connection, set up the user account used to make downloads, but did not install the software program. When one roommate confronted Landsdown about child pornography on the desktop, Landsdown reportedly "shrugged it off" and said he'd "check it out later." At trial, three of the other five roommates, including Hicks, denied downloading the images; the other two (both females) had individual user accounts or folders. The house guest who used the desktop was alone in the home only once, but according to a forensic examination of the desktop, child pornography was downloaded on four dates.

At the close of the government's case, Landsdown moved for a judgment of acquittal alleging the evidence was insufficient to prove knowing receipt under 18 U.S.C. § 2252(a)(2). The district court[1] denied the motion. The jury convicted Landsdown. He was sentenced to 60 months' imprisonment.

This court reviews de novo the denial of a Rule 29(a) motion for judgment of acquittal, but will review "a challenge to the sufficiency of the evidence deferentially and affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vega*, 676 F.3d 708, 721 (8th Cir. 2012).

---

[1]The Honorable Richard E. Dorr, late a United States District Judge for the Western District of Missouri.

Landsdown emphasizes that there is no direct evidence that he downloaded, viewed, altered, moved, or deleted child pornography. All six roommates and the house guest had access to the computer and user profile. While he may have been nonchalant when confronted about it, Landsdown asserts that this supports, at most, the lesser-included offense of possessing child pornography.

The evidence was sufficient to convict Landsdown of receiving child pornography. He owned the instrumentalities that received the child pornography and shrugged off its presence. *See **United States v. Worthey***, 716 F.3d 1107, 1113 (8th Cir. 2013) (finding sufficient evidence based on ownership of the software's user account and inculpatory statements). Three roommates denied accessing child pornography, and the other two had separate accounts or folders on the desktop. The credibility of this testimony is for the jury, and the jury reasonably could have concluded that the government eliminated other potential recipients of the child pornography. *See **United States v. Kimler***, 335 F.3d 1132, 1140 (10th Cir. 2003) ("though others in [Kimler's] family also had access to some of the relevant email accounts, they testified that they did not send images of child pornography via email . . . [this evidence] supports the 'plausible inference' that Kimler was the one sending, receiving and possessing the images of minors engaged in sexually explicit conduct") (internal citations omitted); ***United States v. O'Berry***, 248 Fed. Appx. 770, 772 (8th Cir. 2007) (unpublished) ("Both O'Berry [and his wife] denied intentionally downloading . . . child pornography on the computer. This created credibility issues for the jury to resolve. The jury was free to believe [O'Berry's wife] and not O'Berry."). A reasonable jury could find that Landsdown knowingly received child pornography.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____