SLIP OPINION  Cite as 2014 Ark. App. 721

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–644

| | |
|---|---|
| MICHAEL THOMAS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** December 17, 2014<br><br>APPEAL FROM THE POLK COUNTY CIRCUIT COURT<br>[NO. CR–13–130]<br><br>HONORABLE J.W. LOONEY, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Michael Thomas was convicted by a Polk County jury of possession of a controlled substance (methamphetamine) and possession of drug paraphernalia and was sentenced to twenty-five years in the Arkansas Department of Correction.[1]  On appeal, Thomas challenges the sufficiency of the evidence to support his convictions, arguing that there was insufficient proof that he possessed the contraband or that he possessed the paraphernalia with the intent to use it. Because the State introduced evidence that Thomas was in actual possession of the drugs and drug paraphernalia at the time of his arrest, we affirm.

As stated above, Thomas challenges the sufficiency of the evidence to support his convictions.  The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial.  *Rodriguez v. State*, 2014 Ark.

---

[1]He received a fifteen-year sentence for possession of methamphetamine and a ten-year sentence for possession of drug paraphernalia, to be served consecutively.

App. 660, — S.W.3d —. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.* Circumstantial evidence, in order to be substantial and to support a conviction, must exclude every other reasonable hypothesis than that of the guilt of the accused; the question is for the jury to decide. *Rainer v. State*, 2012 Ark. App. 588. On review, we must determine whether the jury resorted to speculation and conjecture in reaching a verdict. *Id.* We review the evidence in the light most favorable to the State, considering only the evidence that supports the verdict. *Id.* Based upon this standard, we now turn to a review of the evidence.

In October 2013, the Mena Police Department was investigating a report of a stolen vehicle. In the course of their investigation, the police developed Thomas as a potential suspect. The police discovered that a felony arrest warrant had been issued for Thomas for a parole violation.

The investigation ultimately led the police to a camper situated just outside of Mena where the stolen vehicle was located. The police knocked loudly on the door of the camper, but no one responded even though they had observed movement from inside the camper. One of the officers peered into the rear window of the camper and observed Thomas in bed with two women. At that point, the officers entered the camper through a side door to effectuate Thomas's arrest on the warrant.

At the time of his arrest on the parole violation, Thomas was wearing a hoodie with pockets on each side. A search incident to his arrest uncovered an empty cigarette pack in

the left-side pocket of Thomas's hoodie. The cigarette pack stored methamphetamine and a cut-off straw that was approximately three inches long and contained a white residue.

Based on this evidence, Thomas was convicted of possession of a controlled substance and possession of drug paraphernalia. Possession may be established by proof of actual possession or constructive possession. *Warren v. State*, 2010 Ark. App. 226. Here, the evidence was sufficient to prove that Thomas actually possessed the contraband by having direct physical control over it. Sergeant Head testified that he searched Thomas incident to his arrest and found the methamphetamine and the drug paraphernalia in the pocket of the shirt Thomas was wearing. Viewing the evidence in the light most favorable to the State and considering only the evidence that supports the verdict, this testimony is sufficient proof of actual possession. While there was some argument at trial that the shirt may have belonged to somebody other than Thomas, that explanation was clearly rejected by the jury. It is for the jury to resolve any inconsistent evidence or conflicting testimony. *See Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007).

Thomas next argues that, because the residue in the drinking straw was not tested for controlled substances, there was insufficient evidence that Thomas possessed the straw with the intent to use it to ingest or inhale a controlled substance. Like all factual questions, the question of a defendant's intent or state of mind is for the trier of fact to decide, based upon the evidence presented. *See White v. State*, 98 Ark. App. 366, 255 S.W.3d 881 (2007). Additionally, the trier of fact is allowed to draw upon common knowledge and experience to infer the intent from the circumstances. *Id.* Here, Sergeant Head testified that, in his

SLIP OPINION

experience, short plastic drinking straws, like the one found in Thomas's pocket, were known as "snort tubes" and were used to inhale drugs such as methamphetamine or cocaine. The straw, containing an unidentified white residue, was located in a cigarette pack next to a small baggie of methamphetamine. The jury could surely infer from these facts that the drinking straw was being used to ingest or inhale methamphetamine and constituted drug paraphernalia. As a result, there was sufficient evidence to support Thomas's conviction for possession of drug paraphernalia.

Affirmed.

PITTMAN and GLOVER, JJ., agree.

*Randy Rainwater*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.