# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1616
_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Austin

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: December 8, 2014
Filed: March 9, 2015
[Unpublished]
_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

A jury convicted Bryan Austin on three counts—possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). It did not return a verdict on another count. Austin appeals, arguing that the district court

erred by addressing the jury outside his presence, and that there was insufficient evidence that he possessed the firearm in furtherance of a drug trafficking crime.[1] Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

During a home visit by his parole officer, Austin said there was a gun in his bedroom. The parole officer found a gun in the bedroom closet and a small baggie of cocaine in a nightstand next to the bed. With a search warrant, police found additional baggies with cocaine residue, $3,490 cash, and a safe with paperwork and mail. Austin's ex-girlfriend and his uncle's wife testified about his drug activity.

After deliberating about eight hours, the jury sent a question to the district court, "If we are hung on one count, but have a decision on the other 3, will being hung on one cause a mistrial for all counts?" The district court conferred with the attorneys about how to respond. With counsel present, but outside Austin's presence, the court brought the jury into the courtroom and explained the importance of coming to a verdict if possible. The court then asked them whether they could come to agreement on the remaining count. The foreperson said they were "locked." After sending the jury back to deliberate, the court answered the question in writing with one word—"No."

Austin argues the district court's discussion with the jury violated his right to be present at every stage of trial under the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 43(a). The government concedes the court erred in speaking to the jury without Austin present, but says the error was harmless. *See United States v. Koskela*, 86 F.3d 122, 125 (8th Cir. 1996) ("[I]t is error to instruct the jury outside the presence of the defendant and counsel.").

---

[1]Austin moved for leave to file a pro se supplemental brief. The request is denied. *See **United States v. Jones***, 698 F.3d 1048, 1051-52 (8th Cir. 2012) ("Generally, it is Eighth Circuit policy not to address issues raised by a defendant in pro se filings with this Court when he is represented by counsel.").

"'We review whether a trial court conducted a proceeding in violation of defendants' right to be present during every stage of trial under an abuse of discretion standard. If a proceeding was conducted in violation of this right, it is subject to harmless error analysis.'" *United States v. Smith*, 771 F.3d 1060, 1063 (8th Cir. 2014), *quoting United States v. Barth*, 424 F.3d 752, 762 (8th Cir. 2005) (internal citations omitted). *See also Chapman v. California*, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."). "'Communication between judge and jury in the absence of and without notice to the defendant creates a presumption of prejudice. Such presumption may be overcome, however, by a clear indication of a lack of prejudice.'" *Smith*, 771 F.3d at 1063, *quoting Stewart v. Nix*, 972 F.2d 967, 971 (8th Cir. 1992) (internal citations omitted).

The district court's discussion with the jury did not prejudice Austin. The court discussed the jury's question with counsel. All parties wanted to ensure that the court's answer did not influence the jury to stop deliberating. Before bringing the jury in, the court asked defense counsel if she wanted to bring Austin in. She responded it would delay the process and she would give Austin a full report afterward. Austin's attorney was present throughout the proceedings, and the discussion was recorded. The discussion was limited to whether, with more time, the jury could agree on count 1. Juror No. 7 (the foreperson) said, "We're locked, in my best summation." The court asked if anyone disagreed. Juror No. 6 said, "We are stuck without any additional information." The court did not send its answer to the jury's question until it resumed deliberating. The error was harmless beyond a reasonable doubt. *See United States v. Nelson*, 570 F.2d 258, 260-61 (8th Cir. 1978) (finding a defendant suffered no prejudice where his presence would not have aided his defense and his counsel waived his presence and approved the court's response to the jury).

Austin argues there is insufficient evidence that gun he possessed was used in furtherance of a drug trafficking crime. This court "will review 'a challenge to the

sufficiency of the evidence deferentially and affirm if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Landsdown*, 735 F.3d 805, 806 (8th Cir. 2013), *quoting United States v. Vega*, 676 F.3d 708, 721 (8th Cir. 2012).

"To convict a defendant of possessing a firearm in furtherance of a drug trafficking crime, the jury must have found a nexus between the defendant's possession of the firearm and the drug offense." *United States v. Thorpe*, 447 F.3d 565, 568 (8th Cir. 2006). "Evidence that the firearm was used for protection, was kept near the drugs, and was in close proximity to the defendant during drug transactions suffices to support a jury verdict on this charge." *Id.*

There was sufficient evidence of a nexus between the gun and Austin's drug crimes. It was in a bag in Austin's bedroom closet and the drugs were next to Austin's bed. His uncle's wife testified that Austin had kept a big black gun at 1405 Vine Street—another location where he kept and sold drugs. She said that Austin took the gun from the Vine Street location after he and his uncle had a falling out (less than two weeks before Austin's arrest). She identified the gun in Austin's closet as the same gun he kept at 1405 Vine Street. Also, Austin's ex-girlfriend testified she often went with him to Texas to buy cocaine and once saw a gun in the backseat of his car. Finally, the jury heard expert testimony that drug dealers often possess firearms to protect themselves and their product. A reasonable jury could find a nexus between the gun and Austin's illegal drug activity.

The judgment is affirmed.

_____