# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3439

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Warren

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri, Southeastern Division

_____

Submitted: December 18, 2015
Filed: January 14, 2016
[Unpublished]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Daniel Warren of possessing and receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(a)(2). He appeals, attacking the sufficiency of the evidence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

During a search of Warren's residence, police seized two computers and two thumb drives, both containing child pornography. One of the computers and both thumb drives belonged to Roger E. Robey, one of Warren's housemates (later convicted of downloading child pornography). Warren had built the other computer, which was located in a common area, accessible without a password, and used by various housemates and guests.

Warren's computer had over 300 images of child pornography, downloaded from peer-to-peer file-sharing programs, including Torrent, Frostwire, and Limewire. Warren admitted downloading three or four child-pornography videos to a subfolder on an external hard drive. On the computer's hard drive were nine "carved" images of child pornography in unallocated space (the items were deleted but the images still remained). Videos of child pornography appeared on the recently-played list on Warren's computer.

Warren admitted downloading and viewing child pornography, writing: "Statment (sic) Daniel Warren. I down loaded pornograpy (sic) from computer with Frost Wire and Torrent. Child porn." He confessed to affection for and sexual contact with girls as young as twelve years old. Warren acknowledged downloading child-pornography material and then deleting it, saving only about one to two percent.

At the close of the government's evidence and again at the close of all evidence, Warren moved for a judgment of acquittal alleging insufficient evidence of knowing possession and receipt of child pornography. The district court[1] denied both motions. Warren was convicted and sentenced to 210 months' imprisonment.

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Sufficiency of the evidence is reviewed *de novo*. *United States v. Manning*, 738 F.3d 937, 945 (8th Cir. 2014). All reasonable inferences supporting the verdict are accepted. *Id*. The verdict is upheld if any interpretation of the evidence could lead a reasonable juror to find guilt beyond a reasonable doubt. *Id*.

Warren asserts that no reasonable jury could find beyond a reasonable doubt that he knowingly possessed and received child pornography. *See* 18 U.S.C. §§ 2252A(a)(5)(B), (a)(2). Warren stresses that many people in the house had access to his computer, including Robey. Warren disputes downloading the child pornography and if so, receiving and possessing it.

Warren's daughter testified she and the other housemates used Warren's computer. But, his statement corroborated by the videos on his computer show he downloaded child pornography. *See United States v. Worthey*, 716 F.3d 1107, 1113 (8th Cir. 2013). *See also United States v. Grauer*, 701 F.3d 318, 324 (8th Cir. 2012) (multiple images of child pornography in folders manually created by the user sufficiently support knowing possession). Warren admitted saving three or four child-pornography videos on an external hard drive, where they were found. A detective testified that the videos were downloaded using Limewire and then manually saved in a folder on the external hard drive.

Warren's user account—not the visitor account—logged searches, downloads, and views of child pornography. (Robey's downloads from Frostwire used a globally unique identifier, and Warren said he had not seen Robey use Warren's computer.) The jury could reasonably eliminate other potential recipients of the child pornography. *See United States v. Landsdown*, 735 F.3d 805, 806 (8th Cir. 2013) (finding that others' access to a non-password protected computer does not preclude a reasonable jury from finding that the defendant received child pornography).

Warren's computer knowledge and use of a file-sharing program also support the verdict. *See United States v. Collins*, 642 F.3d 654, 656-57 (8th Cir. 2011). Warren, who worked on computers in the Army, built his computer from components. According to forensic evidence, he used multiple peer-to-peer file-sharing programs. An investigator testified that the globally unique identifier for Warren's installation of Limewire showed that child-pornography videos were offered for sharing on his computer.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____