**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1395
_____

ELIAS ZAVALA,
                                      Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00191)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 15, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 21, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Elias Zavala appeals the District Court's dismissal of his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons discussed below, we will affirm.

Zavala, a federal prisoner, is currently serving a sentence imposed by the United States District Court for the District of Nebraska for convictions of one count of conspiracy to distribute 50 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 846, and two counts of possession with intent to distribute 50 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 841. He was sentenced to 360 months' imprisonment for the conspiracy count and 240 months' imprisonment for each possession count, with sentences to be served concurrently. No direct appeal was filed.

In 2003, Zavala filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that his counsel was ineffective for failing to file a direct appeal and for failing to challenge several sentencing enhancements on appeal. D. Neb. Cr. No. 01-cr-259. The District Court for the District of Nebraska granted the motion in part and reinstated Zavala's appellate rights, but denied his remaining ineffectiveness claims as "premature." On direct appeal, the Eighth Circuit Court of Appeals affirmed Zavala's conviction, but vacated his sentence and remanded for resentencing under an advisory guidelines scheme pursuant to United States v. Booker, 543 U.S. 220 (2005). See United States v. Zavala, 427 F.3d 562 (8th Cir. 2005). Zavala was again sentenced to 360 months' imprisonment,

2

and the sentence was affirmed on appeal.  See United States v. Zavala, 271 F. App'x 549 (8th Cir. 2008).[1]

In 2014, Zavala filed a "Motion to Dismiss Indictment and Vacate Conviction," which the District Court for the District of Nebraska construed as a successive § 2255 motion and denied.  Zavala's motion for reconsideration was also denied.  No appeal was taken, nor does it appear that Zavala sought permission from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion pursuant to 28 U.S.C §§ 2244 & 2255(h).

Zavala then filed a § 2241 petition in the United States District Court for the Western District of Pennsylvania, the jurisdiction in which he is confined, raising the same claims he had raised in his § 2255 motion.  Specifically, he contended that his conviction should be vacated due to prosecutorial misconduct and the ineffective assistance of trial counsel.  The District Court dismissed the petition for lack of jurisdiction after determining that such a challenge does not meet the criteria for using § 2241 as a "safety valve," as prescribed by In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error.  See Cradle v. United States ex

_____

[1] In November 2015, Zavala's sentence was reduced to 292 months' imprisonment

rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The District Court properly concluded that the claims that Zavala raised in his § 2241 petition attack the validity of his conviction. A motion to vacate sentence pursuant to § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Zavala may not pursue a collateral attack on his conviction by way of § 2241 unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under this "safety-valve" provision, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle, 290 F.3d at 538.

We agree with the District Court's conclusion that the District Court for the District of Nebraska erred in construing Zavala's "Motion to Dismiss Indictment and Vacate Conviction" as a second or successive § 2555 motion. A petitioner's numerically second § 2255 motion is not "second or successive" when the first challenge merely sought reinstatement of the right to a direct appeal. In re Olabode, 325 F.3d at 173. A subsequent § 2255 motion in that circumstance is not "second or successive" because "[a]llowing [the movant] to pursue his direct appeal and then raise any remaining

pursuant to 18 U.S.C. § 3582(c)(2).

4

collateral claims in a § 2255 motion ensures the orderly administration of direct and collateral proceedings." Id. at 172. Furthermore, the determination of whether a motion is "second or successive" begins with "the judgment challenged." United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014) (quoting Magwood v. Patterson, 561 U.S. 320 (2010)). There was clearly an amended judgment entered in Zavala's case after he was resentenced in light of Booker. Although, in his "Motion to Dismiss Indictment," Zavala sought to attack the underlying conviction rather than the new sentence, "where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both." Johnson v. United States, 623 F.3d 41, 46 (2d Cir. 2010); see also Wentzell v. Neven, 674 F.3d 1124, 1127 (9th Cir. 2012) (same); Blanco v. Sec'y, Fla. Dep't of Corr., 688 F.3d 1211, 1240 (11th Cir. 2012) (holding that § 2254 petition was not "second or successive" even though the factual predicate for petitioner's Brady claim was available when he filed his first § 2254 petition, because there was an intervening judgment resentencing him to death).

The District Court below concluded that the District Court for the District of Nebraska's failure to entertain what was the substantial equivalent of a first § 2255 motion did not render that remedy inadequate or ineffective to Zavala. While the issue of whether a petitioner who has been wrongly foreclosed from pursuing habeas relief may avail himself of § 2241 is not without some doubt, see Cradle, 290 F.3d at 538-39 (noting

5

that "it is the inefficacy of the remedy, not the personal inability to use it," that determines whether the safety valve applies), we need not reach it here.[2] Zavala did not appeal the denial of his motion by the District Court for the District of Nebraska to the Eighth Circuit Court of Appeals. It is possible that the Eighth Circuit would determine that a *renewed* § 2255 motion was not second or successive. As we have recognized, "if the gate closed by § 2255 somehow could be opened" in the jurisdiction in which the petitioner was convicted, relief should be sought there, "as that exercise of jurisdiction would be in harmony with the congressional jurisdictional scheme in sections 2241 and 2255." In re Nwanze, 242 F.3d 521, 525 (3d Cir. 2001). Because we believe that the gateway to § 2255 relief may still be open to Zavala in the Eighth Circuit, he cannot avail himself of § 2241's safety valve.

Accordingly, we will affirm the District Court's order dismissing the petition for lack of jurisdiction. Appellee's motion to supplement the appendix is granted.

---

[2] The Government argues that the circumstances do not warrant application of § 2241's safety-valve provision, even if Zavala's "Motion to Dismiss Indictment" were construed as a first § 2255 motion, because it was untimely filed. See Cradle, 290 F.3d at 539 ("Section 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired"). Given our disposition, we have no occasion to address this issue. We note, however, that the District Court for the District of Nebraska did not make any determination regarding the timeliness of the motion or whether it may be subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010).

6